## CARL J. HORSTMANN AND OTHERS, APPELLANTS, v. HERMANN R. BALTZER AND OTHERS, RESPONDENTS.

*Principal and agent — the principal must bear a loss occasioned by default of the his agent.*

One Meyer, a broker in foreign exchange, purchased from the defendants a bill drawn on Hamburgh for 41,500 marks, to the order of the plaintiffs. Meyer had on many previous occasions purchased drafts of the defendants for the plaintiffs, paying for them with his own check and thereafter receiving the money from the plaintiffs. At the time of the purchase of the draft in question, Meyer owed the plaintiffs about $10,000, and they then paid to him about $2,000, which was more than was required to pay for the bill. The amount of the bill not having been paid to the defendants, by either Meyer or the plaintiffs, they stopped the payment of the bill.

*Held*, that they were entitled so to do; that Meyer must be held to be the agent of the plaintiffs and not of the defendants, and that the loss must fall upon his principals.

APPEAL from a judgment in favor of the defendants, entered upon a verdict directed by the court. The action was brought upon a bill drawn by the defendants to the order of the plaintiffs, which had been delivered by the former to one Meyer, who on the same day delivered the same to the plaintiffs. It was claimed by the plaintiffs that they had purchased the bill for value. This was denied by the defendants.

*E. Louis Lowe*, for the appellants.

*Charles M. Da Costa* and *William D. Guthrie*, for the respondents.

BARNARD, P. J.:

We think this case was properly disposed of at the circuit.

On the 1st of July, 1884, one L. Christian Meyer, a broker in foreign exchange, purchased of the defendants a bill on Hamburgh for 41,500 marks, payable to the order of the plaintiffs. The amount of the bill was not paid to the defendants either by the broker or by the plaintiffs. The defendants stopped the payment of the bill. The broker had delivered the bill to the plaintiffs. The broker owed the plaintiffs about $10,000, and they paid him $2,000 more, which made more than sufficient to pay for the bill. The broker failed on the 5th of July, 1884. It was proven that

Meyer had purchased on many previous occasions, foreign exchange of the defendants for the plaintiffs. As between the parties to the bill there is no consideration for it and the defendants are not parties who have acquired any right under the law merchant.

The sole question is whether the broker was the agent of the defendants in selling the bill. We think he was not. He offered to purchase in pursuance of a long course of business for the plaintiffs. He was in the habit of paying by his own checks and receiving the money from the plaintiffs in return. As well payment in this way as another, but when payment is not made the loss will fall on the purchasers who authorized the purchase and must see to it that the money they paid their broker got to the sellers of the exchange. The bill of exchange is therefore wholly without consideration, and void in the plaintiffs' hands. The payment of the $2,000 at the time of the order of purchase does not affect the case. It was not a parting with value upon the faith of the bill. It was paid before the bill was purchased and only increased a balance in the plaintiffs account with the broker. If a bill be purchased by a broker for a party with a direction to pay for the bill out of the balance due from the broker, a purchase without payment furnishes no consideration for the bill as between the buyer and seller. (*De Bras* v. *Forbes*, 1 Esp. R., 117.)

The judgment should therefore be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.